No. 2,036.

O. C. GAGE, RESPONDENT, *v.* HARKWELL BATES, APPELLANT.

LEASE.—FORFEITURE OF, FOR NON-PAYMENT OF RENT.—To work a forfeiture of a lease for non-payment of rent, the demand must be made for the precise sum due, on the premises, or wherever the rent is payable.

APPEAL from the County Court of San Joaquin County.

The facts are stated of opinion.

*J. H. Budd*, for Appellant.

To constitute a forfeiture for non-payment of rent at common law, it was requisite, among other things, that the demand should have been for the precise sum due. (1 Saunders Rep. 287, note 16; 1 Leon, 305; Fabain and Windsor's case, Cro. Eliz. 209; *Chipman* v. *Emeric*; 3 Cal. 273; *Gaskill* v. *Trainer*, Id. 334).

Section 5 of the Act of May 27, 1863, does not change the rule, that the demand must be made for the precise sum due in order to work forfeiture, however much it may have changed the common law rule in other respects.

The statute not having changed the common law rule in all particulars, in those matters in which the common law rule has not been changed, the common law must govern. (*Foster* v. *Wandlass*, 7 Term, 116-17.) The complaint in this action not having alleged a demand for the precise sum due, or for any particular sum, and the judgment showing the demand could not have been for the precise sum due, the plaintiff should not have recovered judgment for the restitution of the real estate in complaint mentioned.

Forfeitures are not favored by the common law, and statutes in derogation of the common law are to be strictly construed.

It certainly would be a great hardship, to hold that a landlord may make demand generally for rent due, without specifying the particular sum claimed, and that the tenant is to forfeit all rights under a valuable lease because he may not, by reason of unsettled accounts or otherwise,

have paid all the rent which may ultimately be shown to have been due.

No brief on file for Respondent.

TEMPLE, J., delivered the opinion of the Court, WALLACE, J., RHODES, C. J., and SPRAGUE, J., concurring:

The complaint, which was to enforce a forfeiture for the non-payment of rent, and to recover the demised premises, avers that, "on the 2d day of July, 1868, plaintiff duly notified defendant, in writing, that he was in arrears of rent, and on said day, in writing, demanded payment of rent then due." This complaint is demurred to, on the ground that it does not state facts sufficient to constitute a cause of action, and the particular point of the demurrer is that the complaint does not aver a demand for the precise sum due. The demurrer was overruled, and the plaintiff recovered judgment, and the defendant appeals.

The rule is well settled at common law, and has been so held in this State, that to work a forfeiture the landlord must have made a demand for the precise sum due on the premises, or wherever the rent was payable, on the day it became due, and at a reasonable time before sunset. (Taylor's Landlord and Tenant, Sec. 493, and authorities there cited; *Chipman* v. *Emeric*, 3 Cal. 273; *Gaskill* v. *Trainer*, Id. 334.)

The Statute concerning unlawful holding over of lands, tenements and other possessions (Statutes 1863, p. 586), has changed the rule as to the time in which demand may be made. In other respects the law remains as before, and the same strictness in making the demand is necessary. Taking the complaint most strongly against the pleader, it shows that no precise sum was demanded, and the demurrer should have been sustained.

Judgment reversed and cause remanded, with directions to sustain the demurrer.

CROCKETT, J., expressed no opinion.