[S. F. No. 8173. In Bank.—February 17, 1919.]

## J. B. HILL COMPANY (a Corporation), Respondent, v. MARY E. PINQUE, Appellant.

LEASES—NONPAYMENT OF RENT—DEMAND—FORFEITURE.—A demand for payment of the exact sum due is a necessary prerequisite to a forfeiture of a lease for nonpayment of rent.

ID. — INSUFFICIENT DEMAND.—Where a lease called for a specified monthly rental, but by subsequent agreement it was reduced and the smaller amount paid several months, a demand for payment of the rent without specifying the amount is insufficient as a foundation for forfeiture of the lease for nonpayment.

ID.—REFUSAL TO PAY RENT—WAIVER.—Although the tenant flatly refuses to pay the rent, this does not authorize a forfeiture of the lease in the absence of a proper demand; nor for the purpose of forfeiture will a waiver of the demand ever be implied, because a forfeiture, from its very nature, cannot take place by consent, and it is not favored by the rules of law.

ID.—CONSTRUCTION OF LEASE—CHARACTER OF BUSINESS PERMITTED.—
Where premises are leased for use for the fruit and vegetable
business, the lease is not violated by using them for a garage,
it also providing for conducting on the premises any other business, excepting certain kinds, not including the garage business.

ID.—DAMAGES—FINDINGS.—In an action to recover leased premises and
for damages, a finding that plaintiff has been damaged in a certain amount by defendant's occupation of the premises for an
alleged prohibited purpose and by removal of a portion of the
foundation of the building cannot stand where the use of the
building did not violate the lease, and it cannot be determined
what portion of the damage was attributed to each of the supposed wrongful acts.

APPEAL from a judgment of the Superior Court of
Fresno County. H. Z. Austin, Judge. Reversed.

The facts are stated in the opinion of the court.

Everts & Ewing, South & Ross, and W. E. Simpson, for
Appellant.

Harris & Hayhurst, A. M. Drew, and Drew & Drew, for
Respondent.

SLOSS, J.—This action was brought to recover the possession of certain premises, together with damages. The complaint was in two counts. The first set up, in ordinary form,
a cause of action in ejectment. The second alleged that the
premises, consisting of a storeroom, had been held by the
defendant Pinque under a written lease from one Keosheyan,
and that the plaintiff, who had acquired the interest of
Keosheyan, had elected, under the terms of the lease, to
terminate it, and forfeit the rights of the defendant.

Judgment went in favor of the plaintiff for the recovery
of the premises, for three hundred dollars, the value of the
use and occupation, and for damages in the further sum
of $509. The defendant, Pinque, appeals.

The lease from Keosheyan to Pinque was dated February
1, 1915, and ran for a term of nine years, at a monthly
rental of one hundred dollars. It contained the following
provisions material to this appeal:

"That said storeroom is to be used by lessee for the wholesale, retail, and commission fruit and vegetable business in all its branches. . . .

"It is further agreed that in the event lessee desires to make changes or improvement for the convenience of any business she desires to conduct, that she has the right so to do at her own expense, except lessee agrees not to change or conduct any business, like in kind to business in lessor's property at time of change, or conflicts with any lease in force at date hereof, between lessor and other persons, or open up shoe or clothing store within 3 months from March 1st, 1915.

"It is further understood and agreed in the event lessee shall make default in the payment of rent or refuse to comply with the terms, covenants and conditions of this lease on her part to be kept and performed, then said lessor reserves the right to terminate this lease and oust and eject lessee therefrom and that all moneys theretofore paid shall be retained by lessor as damages and rental on said premises."

The second count sets up a forfeiture of the lease on the ground of nonpayment of rent. It also alleges that plaintiff has been damaged in the sum of two thousand dollars by the defendant's failure to keep the premises in good repair, by her occupation of them as an automobile garage, and by her removal of a portion of the foundation of the building, thereby causing the floor to settle, and injuring and damaging the premises. The only ground of forfeiture asserted in the complaint is the nonpayment of rent. The other acts charged against the tenant are set up merely as a basis for the recovery of damages. They could not, in any event, justify a forfeiture. There is neither allegation, proof, nor finding that the tenant was under any obligation to repair. The defendant had the right, as we shall show hereafter, to use the premises as a garage. The commission of waste is not a ground of forfeiture, the landlord's remedy being an action for damages. (*Chipman* v. *Emeric*, 3 Cal. 273.)

The findings follow the allegations of the complaint, except that they assess the damage for failure to repair, for use as a garage, and for injury to the building, at $509.

It was the settled rule at common law that a demand for payment of the exact sum due was a necessary prerequisite

to a forfeiture of a lease for nonpayment of rent. (24 Cyc. 1355.) The same rule was laid down in this state at an early date (*Gage* v. *Bates,* 40 Cal. 384; *O'Connor* v. *Kelly,* 41 Cal. 434), and these decisions have never been questioned. (*Mossi* v. *Fairbanks,* 19 Cal. App. 355, [125 Pac. 1071].) The finding of the court is that "there came due as rent, August 1st, 1916, . . . the sum of $100, and said plaintiff did on August 1st, 1916, demand payment thereof; that said defendant wholly failed, neglected, and refused to pay said rent." The appellant contends that the evidence does not sustain the finding that such a demand was made, and the record, we think, requires that this contention be upheld. It appears without conflict that some months prior to August, 1916, the defendant had begun to use the premises as a garage. The portion of the building above the leased store was occupied as a lodging-house, and its tenants were disturbed by the noise resulting from operations in the garage at night. The plaintiff agreed with the defendant that if she would maintain quiet in the garage during the night hours, a reduction of $15 monthly in the rent would be made, and for three or four months prior to August the sum of $85 per month had been paid and received as the rent of the premises. On August 1st the vice-president of the plaintiff corporation called to collect the rent. According to his own testimony he did not demand any specified amount, but "just asked for the rent." Under the strict rules governing attempts to enforce forfeitures, this was not the specific demand required by the law. It was at least doubtful whether the plaintiff was demanding the payment of one hundred dollars a month, as specified in the lease, or of the lesser sum fixed by the subsequent agreement of modification. At any rate, it certainly cannot be interpreted as a precise and specific demand for one hundred dollars per month, and this is the demand which the court found to have been made. Cases holding that a demand is not necessary where the defendant denies the relation of landlord and tenant (*Smith* v. *Shaw,* 16 Cal. 88; *Simpson* v. *Applegate,* 75 Cal. 342, [17 Pac. 237]) have no application here. The defendant did not at any time deny the tenancy. On the contrary, she alleged in her answer a tender of the rent due, and repeated the tender at the trial. The respondent argues that any defect in the demand became inconsequential because, as the

court finds, the defendant refused to pay the rent. The plaintiff's own evidence shows that the refusal was not absolute, but that the tenant merely declined to pay pending an adjustment of a dispute concerning the plaintiff's right to make certain changes in the premises. But, even if the defendant had flatly refused to pay the rent, this would not authorize a forfeiture of her lease, in the absence of a proper demand. "Nor for the purpose of forfeiture will a waiver of the demand ever be implied, because a forfeiture, from its very nature, cannot take place by consent, and it is not favored by the rules of law." (*Gaskill* v. *Trainer,* 3 Cal. 334, 340.)

The plaintiff therefore failed to establish a ground for the forfeiture of the lease and recovery of the premises for nonpayment of rent. The judgment for damages for withholding the premises must fall, of course, with the judgment for restitution.

We find ourselves unable, likewise, to sustain the part of the judgment awarding damages in the sum of $509. By the lease the premises were let to be used for the fruit and vegetable business. If the instrument had stopped with this provision, it might well be claimed that any other use by the lessee would render her liable in damages, or authorize the lessor to rescind the lease. (Civ. Code, sec. 1930.) But the lease contains the further clause, above quoted, that the lessee may change the premises or conduct any other business, except certain specified kinds. The prohibited occupations thus excepted do not include the maintenance of a garage (in the absence, at least, of any claim that such business "conflicted with any lease" to other persons), and it is perfectly clear, therefore, that the lessee was not precluded from using the premises as a garage.

If the defendant was liable for waste in removing a portion of the foundation of the building, there is no separate finding of damage resulting from this act. The court finds that the plaintiff has been damaged in the sum of $509 by the defendant's occupation of the premises as a garage and her removal of a portion of the foundation. There is no way in which we can determine what portion of this damage the court attributed to one or the other of the supposed wrongful acts. Since, as we have seen, the defendant did not violate the terms of the lease by using the premises as

a garage, the award of damages based in part on that ground cannot stand.

A number of other points are raised by the appellant, but the views we have expressed render any extended discussion of them unnecessary. The question of the sufficiency of the complaint may be obviated by an application to the court below for leave to amend. Any error that may have been committed in admitting in evidence the assignment of the lease from Keosheyan to the plaintiff without laying the proper foundation is not likely to recur upon a second trial.

The judgment is reversed.

Shaw, J., Wilbur, J., Melvin, J., Lawlor, J., and Angellotti, C. J., concurred.