[Civ. No. 4385. First Appellate District, Division Two.—June 8, 1923.]

## MARY E. PINQUE, Respondent, v. J. B. HILL COMPANY (a Corporation), Appellant.

[1] Conversion — Wrongful Taking of Personal Property — Evidence—Value—Weakness of Testimony—Insufficient Ground for Reversal.—A judgment in an action for the recovery of damages sustained by reason of the wrongful taking of personal property under a writ of execution cannot be disturbed on appeal on the ground of the weakness of the testimony as to the value of the property.

[2] Pleading—Amendment of Answer—Conformance to Proof.— The denial of a motion to amend an answer so as to make it conform to the evidence is not an abuse of discretion where the matter sought to be alleged, if material, could have been presented to the trial court without amendment.

APPEAL from a judgment of the Superior Court of Fresno County. D. A. Cashin, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. M. Drew and Harris & Hayhurst for Appellant.

Everts, Ewing & Wild, J. R. Fitch and D. F. Conway for Respondent.

NOURSE, J.—Plaintiff sued for the recovery of damages sustained by reason of the taking of certain personal property under a writ of execution on a judgment which was subsequently reversed on appeal. Plaintiff herein, who was the defendant and judgment debtor in the former action, was a tenant of the defendant herein. The former action lay in two counts, one alleging a cause of action in ejectment in the ordinary form and the other alleging that the plaintiff therein had elected to terminate the lease upon the ground that the lessee had forfeited her rights under the terms of the lease. Judgment in that action went for the plaintiff but was reversed on appeal to the supreme court. (*J. B. Hill Co.* v. *Pinque*, 179 Cal. 759 [3 A. L. R. 669, 178 Pac. 952].) The judgment in the superior court had, however, allowed the J. B. Hill Co. $509 by way of dam-

ages for injury to the building and the further sum of $300 as the value of the use and occupation of the premises. Execution was had upon that judgment pending the appeal, and the personal property, consisting of machinery, tools, and appliances used by the lessee for the purpose of conducting an automobile garage, was sold and the defendant herein was placed in possession of the premises. Upon the return of the *remittitur* from the supreme court the J. B. Hill Company filed an amended complaint setting up three distinct causes of action, the first in ejectment, the second for damages for waste committed on the premises by the lessee, and the third for the cancellation of the lease upon the ground that the terms thereof had been changed contrary to section 1700 of the Civil Code. The trial judge sustained the demurrer to the first and third causes of action and the case went to trial upon the second. Judgment was thereafter rendered in favor of the lessee, from which and the order sustaining the demurrer to the first and third causes of action the Hill Company appealed. The judgment in so far as it related to the first and second causes of action was sustained, but was reversed upon the ground that the trial court was in error in sustaining the defendant's demurrer to the third cause of action. (*J. B. Hill Co.* v. *Pinque,* 56 Cal. App. 245 [204 Pac. 1097].) The *remittitur* in said action was filed in the superior court on March 24, 1922. The lessee commenced this action by the filing of the complaint in the same court on October 24, 1919. Judgment was entered in favor of the lessee, the plaintiff herein, on June 5, 1922, for the sum of $1,232.71. The appeal is from the judgment.

[1] Two grounds are urged by the·appellant: First, that the evidence is insufficient to support the judgment, and, second, that the court erred in denying the appellant's motion to amend its answer to conform to the proof. On the first point it is said that all the testimony given for the purpose of establishing the value of the property taken came from the witness Weyant, who was the former business manager of the respondent and who acted throughout the proceedings and signed the complaint as her attorney in fact, she having abandoned the place and left for France some time prior to the commencement of this action. It is also said that the testimony of this witness is uncertain and

unsatisfactory; that he demonstrated a lack of knowledge of the values of the property, which had been purchased second hand and which, in some instances at least, had been obtained by the respondent without payment of the purchase price therefor.

We may agree with all that appellant says regarding the weakness of the testimony of this witness, but that was a matter which the trial court was required to judge, and its conclusions thereon cannot be disturbed upon this appeal.

[2] Upon the second point it is said that the appellant moved to amend its answer to conform to the evidence, and particularly to allege that the property was not the property of the respondent as she had not paid for it, but had merely acquired it as bankruptcy stock, and that, secondly, she was not damaged by the taking of the property by the judgment creditor. The motion to amend the answer does not appear in the record, and it is impossible for us to determine the grounds upon which it was made or the time when notice thereof was given. The respondent states in her brief that the motion was made after the findings of fact were made and after the judgment was rendered and filed. But, in any event, we are unable to see how the appellant suffered any prejudice by the order of the trial court refusing its application for leave to amend its answer. The evidence was all before the court and if the failure to pay for the property in suit was material it was a matter which the appellant could have presented to the trial court without amending its answer. We cannot, therefore, say that the trial court abused its discretion in denying the appellant's application for leave to amend. (*Green* v. *Burr,* 131 Cal. 236, 239 [63 Pac. 360].)

Judgment affirmed.

Sturtevant, J., and Langdon, P. J., concurred.