[Civ. No. 12197.   First Dist., Div. Two.   Dec. 15, 1942.]

E. MARTIN JOHNSON, Respondent, v. M. B. SANCHES, Appellant.

John H. Machado for Appellant.

James S. Byers and Harold Holden for Respondent.

DOOLING, J. pro tem.—Appellant was the lessee and respondent the lessor of certain dairy and farming lands. On or about April 14, 1941, respondent served a three-day notice to pay rent or surrender possession upon appellant. The amount of rent demanded in this notice was $1,551.38.

Under the terms of the lease the property leased was segregated into two parcels, one of 100 acres and the other of 38 acres. The lease provided for a monthly rental of $208.34 for the 100 acre parcel, and an annual rental of $950 for the 38 acre parcel.

Upon the failure of appellant to pay the rent so demanded this action in unlawful detainer was commenced and respondent had judgment from which this appeal is taken. Included in the demand for $1,551.38 rent, was $750 claimed to be due upon the 38 acre parcel. As to this the trial court found: "that the demand in said notice for payment of rent was excessive in the sum of $750.00, as the Court finds that $750.00 of the amount demanded by plaintiff was not owing by defendant to plaintiff either as rent on the thirty-eight (38) acres or the one hundred (100) acres mentioned in the pleadings," and further found that by an oral executed agreement between the parties the 38-acre parcel had been withdrawn from the lease and the agreement to pay rent for that parcel cancelled.

The written demand for rent was not segregated in any way, the demand simply reciting that there is due as rental the sum of $1,551.38, and demanding the payment of that sum within three days or the surrender of the premises.

Code of Civil Procedure, section 1161 provides as follows: "A tenant of real property for a term less than life is guilty of unlawful detainer: . . .

"2. When he continues in possession, in person or by subtenant, without the permission of his landlord . . . after default in the payment of rent, pursuant to the lease or agreement under which the property is held, and three days' notice, in writing, requiring its payment, *stating the amount which is due,* or possession of the property, shall have been served upon him. . . . " (Italics ours.)

We have italicized the words "stating the amount which is due" because we consider them controlling in the decision of this appeal.

It was the rule at common law that in order to work the

forfeiture of a lease for nonpayment of rent the landlord must demand of the tenant the payment of the exact sum due. (*J. B. Hill Co.* v. *Pinque,* 179 Cal. 759, 761-2 [178 P. 952, 3 A.L.R. 669].) After the adoption of the Unlawful Detainer Act of 1863 our Supreme Court in *Gage* v. *Bates,* 40 Cal. 384, in construing that act said:

"The rule is well settled at common law, and has been so held in this State, that to work a forfeiture the landlord must have made a demand for the precise sum due on the premises, or wherever the rent was payable, on the day it became due, and at a reasonable time before sunset. (Taylor's Landlord and Tenant, § 493, and authorities there cited; *Chipman* v. *Emeric,* 3 Cal. 273; *Gaskill* v. *Trainer,* Id. 334.)

"The Statute concerning unlawful holding over of lands, tenements and other possessions (Statutes 1863, p. 586), has changed the rule as to the time in which demand may be made. In other respects the law remains as before, and the same strictness in making the demand is necessary. Taking the complaint most strongly against the pleader, it shows that no precise sum was demanded, and the demurrer should have been sustained."

The case on this point has since been cited with approval in *Mossi* v. *Fairbanks,* 19 Cal.App. 355 [125 P. 1071] and *J. B. Hill* v. *Pinque,* 179 Cal. 759 [178 P. 952, 3 A.L.R. 669]), cited *supra.*

In enacting Code of Civil Procedure, section 1161, and particularly in providing therein for the service of a notice "stating the amount which is due" the Legislature must be presumed to have had knowledge of the previous decision of the Supreme Court in *Gage* v. *Bates, supra.* (*Whitley* v. *Superior Court,* 18 Cal.2d 75, 78 [113 P.2d 449] and cases there cited). So far from showing an intent to change this rule, the Legislature rather showed an intent to perpetuate it by the inclusion in the section of the words just quoted. This conclusion is strengthened by the fact that as originally enacted in 1872 this section did not contain this provision and the words "stating the amount which is due" were deliberately added by a later amendment.

Cases under their statutes announcing a contrary rule are cited by respondent from New York, Utah and Colorado. An examination of the statutes so construed shows that in

none of them is there a provision requiring the notice to state the amount of rent which is due. ■ It is familiar law that cases from other jurisdictions construing statutes in different language are of but slight weight in the construction of the language of a particular local statute. None of the cases from California cited by respondent even remotely concerns the question here presented.

■ We conclude that the notice on the facts found by the trial court did not comply with the requirements of Code of Civil Procedure, section 1161 in that the amount demanded as rent was $750 in excess of the amount then due.

The judgment is reversed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing was denied January 14, 1943, and respondent's petition for a hearing by the Supreme Court was denied February 11, 1943.