[Civ. No. 13874. First Dist., Div. Two. July 6, 1949.]

JOHN DERTIMAN, Respondent, v. E. ALMEY et al., Defendants; JOHN E. SCARBOROUGH, Appellant.

Albert C. Picard and Kenneth C. Zwerin for Appellant.

No appearance for Respondent.

GOODELL, J.—This is an appeal on the judgment-roll from a judgment for (a) the restitution of certain leased premises, (b) the forfeiture of the lease, (c) $770 of unpaid rent, and (d) $100 attorney's fees.

The appeal is presented on appellant's brief alone. No brief was filed by respondent, and neither side appeared when the case was called for argument.

The findings show that respondent leased to defendant Almey, 10 rooms and a bath on the second floor of a hotel on Eddy Street in San Francisco, for the term of five years commencing December 15, 1946. The rent reserved by the lease was $175 a month. Defendant Almey assigned the lease to defendant Scarborough, who went into possession. By September 4, 1947, five months' rent was in arrears, and on that day respondent served on both defendants a notice in writing, stating that the arrearage was $875, and demanding payment thereof or surrender of possession within three days.

The court found that "On August 8, 1942, said premises were registered by the plaintiff with the Office of Price Administration as rented for housing or dwelling purposes at a maximum rental of $77.00 per month" and "At the time said premises were leased . . . plaintiff knew or should have known that defendant E. Almey intended to and would use said premises for hotel purposes, and that the monthly rental reserved . . . was in excess of the maximum rental of $77.00 per month . . ."

By the time findings were signed 10 months' rent had accrued, so the judgment was for $770.

■ Section 1161, Code of Civil Procedure requires the three-day notice to state the amount which is due. The notice served on defendants stated $875—five months at $175. The court found, however, that the rent was but $77 a month. The notice, therefore, did not state the amount due, but overstated it.

This is the only point urged by appellant. He says "A demand for payment of the exact sum due was a necessary prerequisite to the forfeiture of the lease . . . and the court had no power to declare the forfeiture . . ." Appellant relies on the cases of *J. B. Hill Co.* v. *Pinque,* 179 Cal. 759 [178 P. 952, 3 A.L.R. 669] and *Johnson* v. *Sanches,* 56 Cal.App.2d

115 [132 P.2d 853]. Both cases sustain his position. In the last cited case this court discussed the question at some length and cited the earlier authorities. It is not necessary to do more than call attention to those cases.

For the reasons given in those two cases, and on the authorities cited therein, the judgment is reversed.

Dooling, J., concurred.