[Civ. No. 15813.   First Dist., Div. One.   Dec. 14, 1953.]

CHARLES L. WERNER, Respondent, v. CLAIRE SAR-
GEANT, Appellant.

Charles A. Christin for Appellant.

Michael L. Haun for Respondent.

PETERS, P. J.—This is an action for unlawful detainer based on nonpayment of rent. The trial court entered a summary judgment against the defendant for restitution of the premises and for $2,400 for unpaid rent.

After the complaint was filed defendant demurred and, after the demurrer was overruled, answered, setting up several defenses. A motion to strike the major portions of this answer was granted on the ground that the stricken defenses could not be asserted in an unlawful detainer action. Thereafter, plaintiff moved to strike the remaining portions of the answer as sham and for a summary judgment, supporting the motions by an appropriate affidavit. The trial court granted the motion. The same day this motion was granted, defendant moved for leave to file and proffered for filing a supplemental answer. The next day the trial court vacated the order granting the summary judgment. Defendant's counsel one day later filed a counteraffidavit, verified by himself, which affidavit admittedly did not comply with the law. The next day the trial court, by minute order, again granted the motion for summary judgment. Later a minute order denying leave to file the supplemental answer was made, and the next day the summary judgment for recovery of the premises and $2,400 rent damages for eight months at $300 per month was duly entered. Defendant's motions to vacate the judgment and for a new trial were denied. Defendant appeals from the judgment and from the orders denying the motion for a new trial and the motion to vacate. The orders sought to be reviewed are nonappealable,

and the appeals therefrom should be dismissed. (*Bank of America* v. *Oil Well S. Co.*, 12 Cal.App.2d 265 [55 P.2d 885].)

Appellant challenges practically every ruling made by the trial court. ▮ It is not necessary to pass upon the propriety of most of these rulings for the reason that the judgment grants rent to respondent at $300 per month, while the demand and notice to quit filed under section 1161 of the Code of Civil Procedure demands rent at $350 per month. This is a fatal variance.

The complaint alleges that plaintiff as landlord and defendant as tenant entered into a "written lease and rental agreement" for "real and personal property known and designated as 1901 Pacific Avenue, San Francisco" for five years "at the agreed monthly rental of Three Hundred and Fifty Dollars" per month. It is then alleged that for seven designated months defendant failed to pay the agreed rent and owes $2,450 less $104.30, heretofore paid to plaintiff, and $117.80 as an allowance for a heating fuel bill, leaving a net balance owing of $2,227.90 for the seven-month period. Service of the required demand and notice to quit is averred. The prayer is for $2,227.90 rent "now due," trebled, and for any further rent accruing during the pendency of the action. The written lease is not pleaded *in haec verba* nor attached to the complaint, all that is pleaded being its legal effect. The answer admitted the execution of the lease but denied that it provided for $350 monthly rental, averring that it provided for but $300 per month out of a special fund, and that defendant also agreed to pay $50 a month in installments on the purchase price of certain furniture. The lease is attached as an exhibit to the answer. It is apparently a layman-drawn document and contains the following clauses:

"Out of the guest-room rentals the first $300 are to be paid each month to the first party as monthly rent (to cover taxes, int., bank payments) $50 to be paid as lease of furniture monthly, for 6 months.

"After 6 months, when the second party is ready to take over the furniture these $300 (6 $50 furniture rental) will be figured as down-payment and a payment of $50 shall be made each following month on account furniture purchase."

The trial court struck from the answer the affirmative defense that incorporated the lease, so that, when the summary judgment was granted, the lease was not before the court.

Attached to the complaint as an exhibit is a copy of the three-day notice required by section 1161 of the Code of Civil Procedure. It contains a demand ''for the payment of the rent you owe for the above specified premises, together with the personal property therein contained'' for the period of seven months ''at the rental of Three Hundred and Fifty Dollars ($350.00) per month'' less the allowances already mentioned ''leaving a net balance of Two Thousand Two Hundred Twenty-seven and 90/100 Dollars ($2,227.90) as rental, now due and unpaid.''

The minute order upon which the summary judgment is based reads as follows:

''In this action it is by the Court ordered that the heretofore submitted motion of Plaintiff for summary judgment be granted on the basis of $300.00 monthly rent.'' No findings were filed, but in support of the minute order the court filed a memorandum opinion, in which, after pointing out the legal insufficiency of the counteraffidavit filed by appellant's counsel, the court stated: ''Accordingly it is felt that the motion for summary judgment should be granted; however, in view of the statement of counsel, it will be granted based upon the rent being $300.00 per month, it being understood by the Court that counsel for plaintiff would press only for this amount.''

The judgment entered granted restitution to respondent and ''Rent damages amounting to the sum of $2,400.00 for the detention of said premises'' for a designated eight-month period. The inclusion of the one-month additional rent accruing during the pendency of the action, in view of the allegations of the complaint, was correct and is not challenged.

Thus, the demand for payment was for seven months' rent at $350 per month, less several hundred dollars paid to respondent or credited on appellant's obligation, while the judgment is for eight months' rent, without deductions of any kind, at $300 per month. Why the court allowed but $300 per month does not appear, except that the memorandum opinion states that it was based on the ''statement'' of respondent's counsel, ''it being understood'' that respondent ''would press only for this amount.'' What that ''statement'' may have been does not appear in the record, and we are left completely in the dark as to why respondent's counsel decided not to ''press'' for the amount set forth in the complaint and notice to quit. For all that appears, respondent may have concluded that damages for detention of the personal

property or for failing to make payments of $50 a month on the purchase price of the furniture could not be recovered in an unlawful detainer action. But what does appear is that the notice to quit is for rent at $350 a month, less several hundred dollars, while the judgment is for $300 a month, without deductions. So far as the record is concerned, appellant properly refused to comply with the notice to pay rent or quit based on the $350 demand.

So far as the record is concerned, the notice to pay rent or quit did not correctly set forth the amount of rent due. Section 1161 of the Code of Civil Procedure requires that the three-day notice must state "the amount which is due."

It is settled law that this section incorporates the common law view that in order to work a forfeiture of a lease for nonpayment of rent the landlord must demand the precise sum due, and that a demand in excess of the judgment will not support the judgment. The leading case is *Johnson* v. *Sanches,* 56 Cal.App.2d 115 [132 P.2d 853], where Justice Dooling in a well-reasoned opinion discusses the problem at some length. In that case the demand was for $1,551.38. This demand was $750 in excess of the amount found due. The judgment for the landlord was reversed. This case was followed in *Dertiman* v. *Almey,* 92 Cal.App.2d 724 [207 P.2d 615], where the demand was for rent at $175 per month, but the judgment was based on a monthly rent of $77. The judgment was reversed. (See, also, cases collected in an annotation in 28 A.L.R.2d 803.)

The rule of these cases is sound. It must be remembered that unlawful detainer is itself a summary proceeding, purely statutory in character. (See 15 Cal.Jur., p. 848, § 275.) A summary judgment is, of course, purely statutory, and can be employed only in cases where no material issue of fact is presented. (7 Cal.Jur. 10-Yr.Supp. (1945 Rev.), p. 276, § 30.1.) The remedy must be used with caution and cannot be used as a substitute for normal methods of deciding factual cases. (*Eagle Oil & Ref. Co.* v. *Prentice,* 19 Cal.2d 553 [122 P.2d 264]; *Walsh* v. *Walsh,* 18 Cal.2d 439 [116 P.2d 62].) If any doubt exists as to whether a summary judgment should be granted, such doubt must be resolved against the applicant. (*Gibson* v. *De La Salle Institute,* 66 Cal.App.2d 609 [152 P.2d 774]; *United States Fid. & Guar. Co.* v. *Sullivan,* 93 Cal.App.2d 559 [209 P.2d 429]; 7 Cal.Jur. 10-Yr.Supp. (1945 Rev.), p. 277, § 30.2, at p. 279.) If the rule of the Johnson and

Dertiman cases, *supra,* is sound in cases after trials on their merits, and we think that it is, such rule even more clearly is applicable in a summary judgment case.

The orders denying the motion for a new trial and the motion to vacate the judgment are nonappealable, and the appeals therefrom are dismissed. The judgment is reversed.

Bray, J., and Wood (Fred B.), J., concurred.