[Civ. No. 5215. Fourth Dist. Dec. 8, 1955.]

UNION BANK AND TRUST COMPANY OF LOS AN-
GELES, as Executor, etc., Appellant, v. LYDIA
FABIANO et al., Respondents.

S. V. O. Prichard, John M. Dvorin and Robert P. Schiffer-
man for Appellant.

Sherman & Weissman for Respondents.

BARNARD, P. J.—This is an appeal from a summary judgment granted under the provisions of section 437c of the Code of Civil Procedure.

On March 23, 1954, James F. Kelly as executor of the estate of Mary M. Kelly, deceased, filed this action against Lydia Fabiano and Anthony Bonaccorsi, personally and as copartners, two corporations being also named as defendants. The complaint alleged that Fabiano and Bonaccorsi were copartners doing business under the name of "Desert House of Lydia" or "House of Lydia"; that the defendants and each of them became indebted to the decedent in the sum of $18,054.70 for money had and received for her use and benefit; that the whole amount is still due and unpaid; and that demand for payment had been refused. The defendant Bonaccorsi filed an answer admitting that he is a copartner in the business being conducted in the name of "House of Lydia," and denying each and every other allegation of the complaint. His prayer was that the defendant take nothing by reason of the complaint. Fabiano filed an answer admitting that she was a partner in the business being conducted under the name of "House of Lydia," and denying each and every other allegation of the complaint. As a separate defense "and by way of plea in abatement" she alleged that on October 28, 1953, she and Mary M. Kelly entered into a written copartnership agreement for the operation of a business known as "Desert House of Lydia"; and that this agreement provided that in the event of any dispute between the partners the matter should be submitted to arbitration before any suit was filed. Her prayer was that the action be abated pending compliance with the arbitration agreement, and that plaintiff take nothing by reason of the complaint.

On July 8, 1954, an order was entered reciting that James F. Kelly had died and substituting The Union Bank and Trust Company, as executor of the estates of Mary M. Kelly and of James F. Kelly, as plaintiff in the action.

On December 24, 1954, the defendants gave notice of a motion for a summary judgment stating that it would be based upon the record in the action and the affidavit of Lydia Fabiano, which was filed therewith. Her affidavit alleged that on October 28, 1953, affiant and Mary M. Kelly and Bonaccorsi entered into a written partnership agreement to conduct a business known as "Desert House of Lydia"; that from time to time Mrs. Kelly paid sums of money into the partnership for its use; that affiant and Bonaccorsi conducted the partner-

ship business up to and after the death of Mrs. Kelly, and the money sued for represents money paid by the decedent to operate the business; that no dispute arose during Mrs. Kelly's lifetime; and that no action for dissolution of the partnership or an accounting has been filed. A copy of the claimed agreement was attached to the affidavit, which purported to be signed by Mrs. Kelly, Fabiano and Bonaccorsi. .

Counteraffidavits were filed by the attorney for the estate and the trust officer of the executor bank. The first of these alleged that affiant, acting as attorney for the estate, had become convinced that Mrs. Kelly had been deprived of sums of money by means of fraud and deceit practiced upon her by the defendants; that the depositions of Fabiano, of Bonaccorsi, and of their atorney were then taken, which disclosed that Bonaccorsi had never signed the partnership agreement; that the claimed partnership agreement was never executed; that the fact that no partnership ever existed was recognized by the defendants; that no partnership with Mrs. Kelly as a member ever existed, and she never invested any funds therein; that Mrs. Kelly's investment was treated as a loan and not as a partnership contribution, as evidenced by the tender of promissory notes; and that the defendants obtained money from Mrs. Kelly at a time when she was under the influence of alcohol and not able to realize the nature of their actions. The affidavit of the trust officer, made on information and belief as permitted by section 437c, alleged that on October 28, 1953, after a discussion between Mrs. Kelly, Fabiano and the attorney, the parties abandoned the idea of going forward with the partnership, and decided to form a corporation; that Mrs. Kelly delivered a check for $10,000 to Fabiano on October 28, 1953; that Mrs. Kelly died on November 28, 1953; that on December 21, 1953, the directors of a corporation known as "Desert House of Lydia" adopted a resolution stating that Mrs. Kelly had loaned the corporation $9,500 and ratifying the act of its secretary in executing a note for that amount; that the note referred to is dated December 1, 1953, is in favor of Mrs. Kelly and/or her estate, and provides for payment in ten years with interest at 4 per cent; that Mrs. Kelly was never consulted about and never agreed to the terms of the note; that this note represents the $10,000 advanced by Mrs. Kelly on October 28, less the cost of incorporation; that the note was sent by mail to the former executor, who declined to accept it and returned it; that at the taking of the depositions four other checks issued by Mrs. Kelly were produced, totalling

$8,054.73, payable to House of Lydia or to Fabiano; and that no consideration for those checks ever passed from any of the defendants to Kelly.

At the time of the hearing three other affidavits were filed by the defendants, which merely add to the conflict, with denials and contrary allegations with respect to a number of disputed matters. The court granted the motion for summary judgment and entered a judgment in favor of the defendants, from which the plaintiff has appealed.

The appellant contends, among other things, that issues of fact were presented which could not be tried by the court in ruling upon a motion for a summary judgment. The respondents contend that no triable issue of fact is disclosed by the record; that it appears without contradiction "that plaintiff and defendants were partners"; and that since a partnership relation existed only an action for dissolution and accounting would lie.

On a motion for summary judgment under section 437c, the duty of the court is to determine whether a triable issue is presented, and not to determine the issue itself. The remedy must be used with caution and any doubt must be resolved against the applicant. The affidavits of the moving party should be strictly construed, while those of his opponent should be liberally construed and the facts alleged therein must be accepted as true and need not be composed wholly of evidentiary facts. (*Eagle Oil & Ref. Co.* v. *Prentice,* 19 Cal.2d 553 [122 P.2d 264]; *Travelers Indem. Co.* v. *McIntosh,* 112 Cal.App.2d 177 [245 P.2d 1065]; *Werner* v. *Sargeant,* 121 Cal.App.2d 833 [264 P.2d 217].)

The complaint alleged that Fabiano and Bonaccorsi were partners in a certain business, that the defendants became indebted to Mrs. Kelly, and that this debt had not been paid. The answer of Bonaccorsi admitted that he is a partner in this business but denied that Fabiano is or was such a partner, while the answer of Fabiano admitted that she was a partner in this business but denied that Bonaccorsi is or was such a partner. Both answers denied that the defendants became indebted to Mrs. Kelly, and also denied that that debt had not been paid. The Fabiano answer further alleged that Mrs. Kelly and Fabiano were copartners in operating a business known as "House of Lydia," and that the partnership agreement provided that no suit could be filed until an arbitration was had. These new allegations were deemed denied. (Code Civ. Proc., § 462.) Not only were issues of fact thus presented

by the pleadings, but there were a large number of such issues raised by the affidavits filed. Among other things, triable issues of fact were thereby presented as to whether or not any partnership ever existed; whether or not Mrs. Kelly was a member of any such partnership; whether or not such a partnership was abandoned, or in any event terminated by her death; whether the $10,000 admittedly received by the defendants was a loan; whether that money was obtained by fraud and deceit; whether or not Mrs. Kelly had the mental capacity to enter into any such a contract; whether or not any of the monies sued for were received for the use of a partnership of which each of the individual defendants denied that the other was a member; and whether the allegations with respect to a partnership agreement was a valid defense to the claim for over $18,000, or in any event applicable only to the $10,000 mentioned in the written agreement relied on by the defendants which was admittedly not signed by one party until after Mrs. Kelly's death. It clearly appears that many issues of fact were presented which could not properly be determined on such a motion.

The judgment is reversed.

Griffin, J., and Mussell, J., concurred.