Filed 11/16/16

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| NORTH 7TH STREET ASSOCIATES, | ) | BV 031357 |
| Plaintiff and Appellant, | ) ) | Central Trial Court |
| v. | ) ) | No. 14U14148 |
| GUILLERMO CONSTANTE, | ) ) | |
| Defendant and Respondent. | ) ) ) | **OPINION** |

APPEAL from a judgment of the Superior Court of Los Angeles County, Deborah H. Christian, Judge. Affirmed.

Allen R. King, Law Office of Allen R. King, for Plaintiff and Appellant North 7th Street Associates.

Andrew Kazakes, Legal Aid Foundation of Los Angeles, for Defendant and Respondent Guillermo Constante.

\*        \*        \*

1

Plaintiff North 7th Street Associates appeals the unlawful detainer summary judgment entered in favor of defendant Guillermo Constante. Plaintiff's principal contention is that it was entitled to recover possession of the premises, even though it could not be awarded past-due rent because the premises did not have the required permits or certificate of occupancy. We affirm the judgment for the reasons discussed below.

*BACKGROUND*

On November 3, 2014, plaintiff filed an unlawful detainer complaint alleging the following: that on an unknown date, defendant took possession of the premises at 1442 Alvarado Terrace, #2, in Los Angeles, pursuant to an oral month-to-month rental agreement; that defendant agreed to pay $166.95 monthly on the first of each month; that defendant was served with a three-day notice to pay or quit, alleging past-due rent of $739.35; and that the three-day notice period expired on August 25, 2014, without defendant paying the arrearage or vacating the premises. Plaintiff sought possession of the premises, forfeiture of the rental agreement, past-due rent, damages, and attorney fees.

On November 12, 2014, defendant filed an answer generally denying the allegations of the complaint. The following day, he filed an amended answer which alleged various affirmative defenses, including that the notice overstated the amount of past-due rent, and that the eviction failed to comply with several provisions of the Los Angeles Rent Stabilization Ordinance (LARSO).

On December 22, 2014, defendant filed a motion for summary judgment in which he contended that the three-day notice overstated the amount of back rent because defendant had made but not been given proper credit for past payments, and because the rent had been increased in violation of LARSO. Plaintiff filed an opposition, and the motion was heard and denied on December 30, 2014.

On April 9, 2015, defendant filed a second motion for summary judgment that is the subject of this appeal.[1] In his motion, defendant argued that the undisputed facts established

_____

[1] In the intervening four months, the parties were engaged in numerous discovery disputes which resulted in the court granting defendant's motion to compel. Defendant's motion for terminating

2

that his unit was subject to the provisions of LARSO, that it was unpermitted and lacked a certificate of occupancy, that plaintiff could not enforce any rental obligations for an unlawful unit, and that therefore the three-day notice to pay or quit was defective. The evidence submitted in support of the motion included a January 29, 2015 housing inspector's Notice of Abatement which found, inter alia, that defendant's unit (in which he had lived for approximately 15 years) had been constructed without a building permit, that it was not authorized to be used as a dwelling, and that no certificate of occupancy was ever issued for it. The notice directed plaintiff to either demolish the unapproved unit or obtain the required permits.

Plaintiff filed an opposition in which it conceded that defendant's unit was unpermitted and therefore the rental agreement was void and unenforceable. However, relying primarily on the decision in *Gruzen v. Henry* (1978) 84 Cal.App.3d 515 (*Gruzen*), plaintiff argued that although it was not entitled to past-due rent, defendant was likewise not entitled to possession of the premises.

The court heard and granted defendant's motion on April 15, 2015. Judgment was entered for defendant, and plaintiff timely appealed.

## DISCUSSION

Pursuant to Code of Civil Procedure[2] section 437c, subdivision (c), a moving party who establishes the right to judgment as a matter of law is entitled to summary judgment. "The purpose of the law of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute. [Citation.]" (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843.)

On appeal from a summary judgment, the appellate court applies the independent standard of review. (*Shugart v. Regents of the University of California* (2011) 199 Cal.App.4th 499, 504.) "We determine whether the court's ruling was correct, not its reasons or rationale.

sanctions was set to be heard after his motion for summary judgment, the granting of which obviated the need to resolve the sanctions request.

[2]All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

3

[Citation.] 'In practical effect, we assume the role of a trial court and apply the same rules and standards which govern a trial court's determination of a motion for summary judgment.' [Citation.]" (*Id.* at pp. 504-505.) "'In independently reviewing a motion for summary [judgment], we apply the same three-step analysis used by the [trial] court. "First, we identify the issues framed by the pleadings . . . . [¶] Secondly, we determine whether the moving party's showing has established facts which negate the opponent's claim and justify a judgment in movant's favor. . . . [¶] When a . . . motion prima facie justifies a judgment, the third and final step is to determine whether the opposition demonstrates the existence of a triable, material factual issue."' [Citation.]" (*Rosales v. Battle* (2003) 113 Cal.App.4th 1178, 1182.)

Under section 1161, a tenant is guilty of unlawful detainer when he or she remains in possession of the premises, without the permission of the landlord, after defaulting in the payment of rent under the rental agreement, and fails to pay the rent due after being served with a written three-day notice stating such amount and the place at which payment is to be made. (§ 1161, subd. (2).)

An unlawful detainer action is not based upon contract but rather "'is a statutory proceeding . . . governed solely by the provisions of the statute creating it.' [Citations.] As special proceedings are created and authorized by statute, the jurisdiction over any special proceeding is limited by the terms and conditions of the statute under which it was authorized [citation], and a lessor's action to recover possession of real property is not one for unlawful detainer where he does not comply with the statutory . . . requirements [citation]. The statutory procedure must be strictly followed. [Citations.]" (*Kwok v. Bergren* (1982) 130 Cal.App.3d 596, 599-600.)

As noted above, one of the statutory requirements for an unlawful detainer is the service of a three-day notice stating the amount of past-due rent. (§ 1161, subd. (2).) The amount of rent must be stated accurately. "A notice that seeks rent in excess of the amount due is invalid and will not support an unlawful detainer action. [Citation.]" (*Levitz Furniture v. Wingtip Communications* (2001) 86 Cal.App.4th 1035, 1038; see also *Nourafchan v. Miner* (1985) 169 Cal.App.3d 746, 753.)

Due to the undisputed unlawful status of the premises rented by plaintiff to defendant,

4

their rental agreement was void, and plaintiff was barred from collecting any rent or using the unlawful detainer procedures to enforce the collection of rent. (*Gruzen*, *supra*, 84 Cal.App.3d at p. 518; *Salazar v. Madareaga* (1992) 10 Cal.App.4th Supp. 1, 4.) Put differently, if plaintiff could not collect any rent from defendant, then defendant had no obligation to pay any rent to plaintiff. Furthermore, if defendant did not owe any rent to plaintiff, the three-day notice claiming $739.35 in past-due rent was necessarily an overstatement of defendant's rental obligation, which could only be properly calculated as zero. Since the three-day notice which was the basis for this unlawful detainer action failed to comply with the strict statutory requirements, it was invalid and could not support the action. (*Levitz Furniture v. Wingtip Communications*, *supra*, 86 Cal.App.4th at p. 1038.) The trial court therefore did not err in finding that there was no triable issue of fact and in granting summary judgment to defendant.

Our conclusion is not altered by the decision in *Gruzen* on which plaintiff primarily relies in asserting its unqualified right to a judgment for possession. In that case, the landlord sought to evict a tenant from unpermitted premises based on a three-day notice to pay $600 in back rent or quit. (*Gruzen*, *supra*, 84 Cal.App.3d at p. 519.) The landlord was awarded possession of the premises and a money judgment. (*Ibid*.)

The sole issue on appeal, as characterized by the appellate court, was whether the rental agreement was void due to the lack of a certificate of occupancy. (*Gruzen*, *supra*, 84 Cal.App.3d at p. 517.) After holding that the agreement was void under such circumstance, the court modified the judgment by deleting the monetary award, but affirmed the judgment of possession of the premises for the landlord. (*Id*. at p. 519.)

However, the court in *Gruzen* was never asked to decide — and did not decide — the issue we address here, namely, whether the three-day notice alleging past-due rent of $739.35 was fatally defective because defendant's actual rent obligation was zero, and whether defendant was consequently entitled to summary judgment as a matter of law. It is axiomatic that an opinion is not authority for a proposition that was not considered in that appeal. (*Amwest Sur. Ins. Co. v. Wilson* (1995) 11 Cal.4th 1243, 1268; *In re Noreen G.* (2010) 181 Cal.App.4th 1359, 1377.) Because the issue on which our opinion turns was not raised in

*Gruzen*, we do not read that decision as compelling a different result.[3]

## DISPOSITION[4]

The judgment is affirmed.   Defendant is awarded costs on appeal.

_____
Dymant, J.*

We concur.

_____
Ricciardulli, Acting P. J.

_____
B. Johnson, J.

*Retired judge of the Los Angeles Superior Court sitting under assignment by the Chairperson of the Judicial Council.

---

[3]We note that plaintiff also contended on appeal that the trial court erred when it suggested, in its ruling granting summary judgment, that because the premises were subject to LARSO, defendant could remain in possession in order to claim relocation benefits under the ordinance.  Plaintiff argues, correctly, that its unlawful detainer was based on a three-day notice to pay or quit and not on any provision of LARSO.  However, it is not our task to review the reasoning of the trial court, but instead to determine the correctness of the ruling.  (*Shugart v. Regents of the University of California*, *supra*, 199 Cal.App.4th at pp. 504-505.)  We therefore reject this contention without further discussion.

[4]Plaintiff is, of course, not without a remedy in this circumstance since it may initiate an unlawful detainer to recover possession of the premises from defendant in order to comply with the January 2015 Notice of Abatement.  (LARSO, § 151.09A, subd. (11).)

Trial court bench officer:          Judge Deborah H. Christian

Counsel for plaintiff/appellant:     Allen R. King, Esq.
4201 Wilshire Boulevard, Suite 207
Los Angeles, CA   90010

Counsel for defendant/respondent:  Andrew Kazakes, Esq.
Legal Aid Foundation of Los Angeles
1102 Crenshaw Boulevard
Los Angeles, CA   90019