[Civ. No. 11091. First Appellate District, Division Two.—February 21, 1940.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Respondent, v. PATRICK McLAUGHLIN et al., Appellants.

Wyckoff, Gardner & Parker, Garth V. Lacey and Philip T. Boyle for Appellants.

Keyes & Erskine, Rosendale & Thomas and J. Benton Tulley for Respondent.

SPENCE, J.—In this unlawful detainer action, the trial court entered judgment in favor of plaintiff. Thereafter

defendants appealed but the execution of the judgment was not stayed. During the pendency of the appeal, certain property was sold under execution and plaintiff became the purchaser. The proceeds of the sale, amounting to approximately $3,100, were paid to plaintiff. Thereafter the judgment of the trial court was reversed with directions to enter judgment in favor of defendants. (*Bank of America Nat. T. & S. Assn.* v. *McLaughlin,* 22 Cal. App. (2d) 411 [71 Pac. (2d) 291, 72 Pac. (2d) 554].) Defendants then made a motion for restitution of the proceeds of the execution sale. The trial court made its order denying said motion and defendants have appealed from said order.

The background of this litigation is fully set forth in *Bank of America Nat. T. & S. Assn.* v. *McLaughlin, supra.* The first unlawful detainer action was brought by plaintiff against defendants in 1932. The present action was brought in 1933. In the first action defendants alleged in their answer that they had the right to possession by virtue of a seven-year oral lease entered into on December 1, 1931, and by virtue of their compliance with all the terms of said lease. They further alleged facts claimed to be sufficient to estop plaintiff from setting up the statute of frauds. The first action was tried by a jury and resulted in a judgment in favor of defendants. No appeal was taken and that judgment became final prior to the time that the present action was commenced. In the present action, defendants set up the same defenses and also alleged that the final judgment in the first action was a bar to the present action. The trial court found against the plea in bar and entered its judgment in favor of plaintiff. The appellate court held that said finding against the plea in bar was erroneous and reversed the judgment with directions. (*Bank of America Nat. T. & S. Assn.* v. *McLaughlin, supra.*)

The material provisions of the lease alleged by defendants were that it was for a term of seven years commencing on December 1, 1931; that defendants were to plant crops on the tillable portion of the land and were to care for and to harvest said crops at their own expense; and that as rental, defendants were to deliver to plaintiff at the Southern Pacific Milling Company's warehouse at San Ardo one-fourth of the crops so produced.

In compliance with the terms of the alleged lease, defendants did store one-fourth of the crops produced each year in said warehouse in the name of the plaintiff and so notified plaintiff. In some instances, warehouse receipts were obtained and forwarded to plaintiff but as this litigation was pending between the parties, in which litigation plaintiff denied the existence of the alleged oral lease, plaintiff did not accept said receipts or deal in any manner with said crops except to cause them to be sold upon execution in 1936 during the pendency of the main appeal. The motion for restitution was directed at the proceeds of the sale of said crops so stored.

Defendants contend that the trial court erred in denying their motion for restitution but we find no merit in this contention. We have reached this conclusion after a review of the authorities dealing with the subject of restitution and a consideration of the peculiar circumstances presented to the trial court upon the motion for restitution in the instant case.

It may be conceded that a party is ordinarily entitled to restitution after a reversal of a judgment if he has been deprived of property by virtue of said judgment or by virtue of process issued upon said judgment. Section 957 of the Code of Civil Procedure reads in part as follows: "When the judgment or order is reversed or modified, the appellate court may make complete restitution of all property and rights lost by the erroneous judgment or order, so far as such restitution is consistent with protection of a purchaser of property at a sale ordered by the judgment, or had under process issued upon the judgment, on the appeal from which the proceedings were not stayed." It will be noted that the quoted portion of said section relates only to the power of the appellate court to order restitution but it has been held that the trial court has the power to order such restitution, which power is inherent and exists independently of any statute. (*Di Nola* v. *Allison,* 143 Cal. 106, 113 [76 Pac. 976, 101 Am. St. Rep. 84, 65 L. R. A. 419]; *Ashton* v. *Heydenfeldt,* 124 Cal. 14, 17 [56 Pac. 624].) It may be further conceded that the authorities indicate that when restitution is sought in a summary proceeding by way of motion made in the main action in either the appellate court or the trial court, no right

or set-off exists (*Buckman* v. *Tucker,* 9 Cal. (2d) 403, 406 [71 Pac. (2d) 69]), but it has been consistently held in this jurisdiction that when such restitution is so sought in such summary proceeding in the main action, the moving party has no absolute right to an order for restitution but the granting or denying of the motion rests in the sound discretion of the court to which the motion is addressed. (*Hansen* v. *D'Artenay,* 13 Cal. App. (2d) 293 [57 Pac. (2d) 202]; *Yndart* v. *Den,* 125 Cal. 85 [57 Pac. 761]; *Spring Valley Water Works* v. *Drinkhouse,* 95 Cal. 220 [30 Pac. 218]; 2 Cal. Jur. 1001, sec. 592; see, also, 5 C. J. S. 1543, sec. 1980; 2 Am. Jur. 741, sec. 1243.) It has been further indicated that even where restitution is sought in an independent action, such action is "equitable in nature", and that restitution may be denied where it would be inequitable to grant such restitution. (Restatement, Restitution, p. 305, sec. 74.)

It thus appears that the real question presented for determination on this appeal is whether the trial court abused its discretion in denying defendants' motion. We find no abuse of discretion in such denial. It appears entirely clear that the basis of the defense in the unlawful detainer actions was that defendants had a lease on the premises and had complied with the terms of that lease. The main appeal herein (*Bank of America Nat. T. & S. Assn.* v. *McLaughlin, supra*) was decided upon the ground that the existence of the seven-year lease had been adjudicated in the first action and that the evidence showed that defendants had complied with the terms of said lease. In other words, defendants' right to a reversal on the main appeal was necessarily predicated upon the existence of the lease and defendants' compliance with the terms thereof by storing the crops in question in plaintiff's name in payment of the rental. We need not determine the claim of plaintiff that title to the crops so stored passed to plaintiff at the time of such storage by virtue of the provisions of sections 1502 and 1503 of the Civil Code, and that thereafter there could be no "property and rights lost" by defendants as the result of the sale of said crops under execution. Regardless of the question of title to the crops, it would obviously be inequitable to permit defendants to obtain a reversal of the judgment on the main appeal by reason of their alleged payment of the rental by the

storage of the crops in plaintiff's name and then to permit defendants to obtain restitution. of the proceeds of the sale of said crops by reason of said reversal of the judgment. Defendants took the benefit of their acts in storing said crops in plaintiff's name in payment of the rental and they must bear the burden. (Civ. Code, sec. 3521.) Not only do we find no abuse of discretion in the denial by the trial court of defendants' motion, but we are of the view that it would have constituted an abuse of discretion to have granted the motion under the circumstances.

The order appealed from is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 18, 1940.