[Civ. No. 27043.   Second Dist., Div. Two.   Aug. 14, 1963.]

JACK DOYLE ROGERS, Plaintiff and Appellant, v. BILL & VINCE'S, INC., Defendant and Respondent.

Paul K. Duffy for Plaintiff and Appellant.

Milton A. Krug and Henry W. Low for Defendant and Respondent.

ASHBURN, J.—Plaintiff appeals from an order granting defendant's motion for restitution after reversal of a judgment in plaintiff's favor.

Defendant purchased from plaintiff the stock, trade fixtures, equipment and goodwill of a restaurant business known as "The Wheel" together with a lease of the premises occupied by the business; also, an on-sale general liquor license for a separate consideration of $6,000. Plaintiff's complaint alleged that the property was delivered to defendant and the liquor license transferred to it through escrow without the payment of said sum of $6,000; that defendant refused to pay said sum and attempted to rescind the deal without cause, sold the liquor license and failed to pay certain rents due under the lease. Defendant in fact had given notice of rescission upon the ground of fraudulent representations which induced the deal. Plaintiff prayed recovery of $8,700 damages. Defendant alleged that the transaction was induced by fraudulent representations by plaintiff and counterclaimed for damages in a total sum exceeding $52,000. The trial court awarded judgment for plaintiff for $7,960 and denied any recovery on the counterclaim. Defendant appealed and the District Court of Appeal reversed the judgment in *Rogers* v. *Bill & Vince's, Inc.*, 203 Cal.App.2d 292 [21 Cal.Rptr. 269].

The trial court had held that the representations made by plaintiff were knowingly false but that defendant did not rely thereon. It was upon this latter issue of reliance that the

appellate court based its reversal. The concluding para-
graphs of the opinion (pp. 299-300) read as follows: ''Com-
ments have been made in the briefs as ·to matters occur-
ring after the action was filed and not covered by the plead-
ings or pretrial order. This concerns principally the sale of
the license (because of possible cancellation) by defendant
after it gave notice of rescission and offered to restore it to
plaintiff. Plaintiff may have a cause of action for anything
received by defendant from the sale of such license and de-
fendant in its brief has stipulated 'that if the judgment in
this case be reversed and the case remanded, appellee [plain-
tiff] may amend his pleadings so as to assert such a cause of
action and appellant [defendant] hereby waives the right to set
up the statute of limitations as a defense thereto.' The trial
court may proceed to act upon an application by plaintiff
to amend his complaint pursuant to the stipulation, provid-
ing such application be made with reasonable promptness.

''The judgment that plaintiff recover from defendant $7,-
960, together with costs, is reversed; the portion of the judg-
ment that defendant is denied any recovery on its counter-
claim is affirmed. The trial court is otherwise directed to
proceed in accordance with the above opinion. Defendant to
recover its costs on appeal.''

Shortly after the time for petitions for rehearing in the
District Court of Appeal and for hearing in the Supreme
Court had expired, with no petition filed, defendant made a
motion in the trial court for an order requiring and effectu-
ating restitution by plaintiff who had collected through
execution upon the judgment the sum of $8,065.45. Plain-
tiff's attorney filed an opposing declaration in which he al-
leged that application for leave to amend had been made and
was then pending in the trial court. He took the position that
such restitution ''would be premature until judgment has
been made on the amended pleadings, as provided by the
said District Court of Appeals'' and prayed that the court
''take no action at this time, until the final judgment be-
tween the parties has been determined.'' The trial judge
granted the motion for restitution in an order which is the
subject of this appeal.

It is settled law that restitution after reversal is not
governed exclusively by statute (Code Civ. Proc., §§ 957,
988f), and that the trial court has inherent power to afford
such relief, which normally is the right of the party who se-
cured the reversal (*Schubert* v. *Bates,* 30 Cal.2d 785, 789

[185 P.2d 793].) ▉ Indeed, it is said that the respondent who collected upon the judgment immediately becomes a trustee for his opponent with respect thereto. (*Ward* v. *Sherman,* 155 Cal. 287, 291 [100 P. 864]; *Levy* v. *Drew,* 4 Cal.2d 456, 459, 461 [50 P.2d 435, 101 A.L.R. 1144]; *Erickson* v. *Boothe,* 127 Cal.App.2d 644, 648 [274 P.2d 460].)

▉ From this it follows that the motion is addressed to the sound legal discretion of the court (*Schubert* v. *Bates, supra,* at page 791), which may, in an exceptional case, deny the motion. The ruling will not be disturbed on appeal in the absence of a showing of manifest abuse of that discretion. (*Bank of America* v. *McLaughlin,* 37 Cal.App.2d 415, 418 [99 P.2d 548]; *Holmes* v. *Williams,* 127 Cal.App.2d 377, 379 [273 P.2d 931].) ▉ To permit one who has collected money upon a judgment later reversed to retain the same would in most cases result in unjust enrichment. That would be the case here.

However, appellant's contention that the order made below is premature because the controversy between the parties has not been finally determined, should not be passed over without comment. ▉ It is true, as counsel suggests, that there cannot be two judgments between the same parties in a single action in the absence of statutory authority, as in divorce or partition. (See *Bodine* v. *Superior Court,* 209 Cal.App.2d 354, 361 [26 Cal.Rptr. 260]; *Crofoot* v. *Crofoot,* 132 Cal. App.2d 794, 797 [283 P.2d 283].) The concluding paragraph of the opinion of the District Court of Appeal in the instant case says: ''The judgment that plaintiff recover from defendant $7,960, together with costs, is reversed;'' such language operates to throw that issue open for a new trial. ▉ It is familiar law that such is the effect of a general reversal of an entire judgment and the same rule applies to a partial reversal. ▉ *Hall* v. *Superior Court,* 45 Cal.2d 377, 381 [289 P.2d 431]: ''The judgment and order of this court on the appeal was a partial reversal of the portion of the judgment from which the appeal was taken, without directions. In a civil action such a reversal remands the cause for a new trial. (*Erlin* v. *National Union Fire Ins. Co.,* 7 Cal.2d 547, 549 [61 P.2d 756]; *Estate of Pusey,* 177 Cal. 367, 371 [170 P. 846].) ▉ '[A]n unqualified reversal remands the cause for a new trial (citation), and places the parties in the trial court in the same position as if the cause had never been tried, with the exception that the opinion of the court on appeal must be followed so far as applicable.'

(*Central Sav. Bank of Oakland* v. *Lake,* 201 Cal. 438, 443 [257 P. 521].) This principle is equally applicable to a partial reversal of a judgment. (Cf. *Pillsbury* v. *Superior Court,* 8 Cal.2d 469, 472 [66 P.2d 149].)

"In *Hall* v. *Hall, supra* [42 Cal.2d 435 (267 P.2d 249)], the partial reversal of the judgment was unqualified, and the opinion in no way restricts the scope of a retrial of the issues set at large. The basis of the order was the conclusion that 'the needs of the respective parties do not justify the amount of alimony here allowed to the wife.' (42 Cal.2d at 442.) Necessarily that conclusion rests upon the evidence then before the court. (Cf. *Erlin* v. *National Union Fire Ins. Co., supra,* 7 Cal.2d at 548.) Mrs. Hall now may be able to present evidence tending to show different circumstances than those shown by the record in the former trial, and she so asserts in affidavits in support of her motions for temporary alimony and counsel fees.''

It is likewise true here that defendant may be able to present evidence at a new trial which will convince the court that it did rely upon the false representations of plaintiff and had a right so to do, that it had not waived that right. So that main issue is not yet finally decided.

██ The effect of necessity of a new trial upon the right to restitution is discussed in 5 American Jurisprudence 2d, section 998, pages 424-425, as follows: ''Even where the reversal is not conclusive of the rights of the parties, as where a new trial is ordered or the cause remanded for further proceeding, some courts, speaking of restitution as an absolute right, hold that it must be made without consideration of what the further result of the litigation may be, since otherwise the court might be required to determine, on motion or by an independent action, the final judgment to be made in the litigation. Other courts, noting the equitable character of the right to restitution, hold that it is not a matter of mere right, but is ex gratia, resting in the exercise of a sound discretion, and that the court will not order it where the justice of the case does not call for it or where retention is not shown to be contrary to equity and good conscience.'' We do not find any exact precedent in this state and conclude that the rule first stated in the foregoing quotation is the just one to be applied in uncomplicated cases such as this one. ██ He who obtains money through enforcement of an erroneous judgment should surrender it when the judgment is reversed and the court confronted with a motion for restitution should

not speculate upon the result of another trial. (In this connection see, also, 5B C.J.S., § 1980, page 623-624.)

We find no abuse of discretion in the instant ruling.

Order granting motion for restitution is affirmed.

Fox, P. J., and Herndon, J., concurred.