Filed 11/22/16 Certified for publication 12/14/16 (order attached)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| BEACH BREAK EQUITIES, LLC, | D069313 |
| Plaintiff and Respondent, | |
| v. | |
| MARTIN LOWELL, | (Super. Ct. No. 37-2010-0031619-CL-UD-SC) |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Joel M. Pressman, Judge. Reversed.

Legal Aid Society of San Diego and Richard Steiner for Defendant and Appellant.

Goode, Hemme & Peterson and Thomas B. Goode for Plaintiff and Respondent.

Landlord Beach Break Equities, LLC. (Beach Break) filed an unlawful detainer action against tenant Martin Lowell.[1] The court granted Beach Break's summary adjudication motion on the possession issue, and issued a writ of possession (reserving

---

[1] Martin Lowell is often referred to throughout the record as Lowell Martin. For purposes of clarity, we refer to appellant as Lowell.

damage issues). Lowell appealed the possession order to the appellate division of the superior court (appellate division). While the appeal was pending, Beach Break evicted Lowell under the authority of the writ of possession.

The appellate division reversed the possession order, finding triable issues of fact on the possession issue and remanded for a trial. In so doing, the appellate division expressly ordered that Lowell was entitled to seek restitution for any damages caused by the premature eviction. After the matter was transferred to an unlimited civil department, the trial court ruled Lowell was not entitled to a restitution hearing because he had not filed an affirmative cross-complaint. Over Lowell's objection, Beach Break then dismissed its action and the court entered a final judgment.[2]

Lowell appeals. We determine the court erred in denying Lowell's request for a hearing on his restitution claim. Under settled law, Lowell was entitled to a restitution hearing even without filing a cross-complaint. We reverse the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2005, Lowell entered into a written agreement to lease a residence for five years for $1,200 per month with three automatic five-year renewals. On August 2010, Beach Break acquired the property at a foreclosure sale and recorded a trustee's deed upon sale. Shortly after, Beach Break filed an unlawful detainer action against Lowell.

---

[2] Under Code of Civil Procedure section 581d, the dismissal order constitutes the judgment in this action. All further statutory references are to the Code of Civil Procedure unless otherwise stated.

2

In March 2011, the trial court entered an order granting Beach Break's summary adjudication motion for possession. Lowell appealed to the appellate division. While the appeal was pending, Beach Break evicted Lowell and sold the property to a third party.

In November 2013, the appellate division reversed the possession order, finding triable issues of fact existed on several matters related to Beach Break's claimed possession right.[3] The appellate division remanded the matter to the trial court for further proceedings consistent with its opinion, "including appropriate restitution hearings and orders to restore [Lowell] 'so far as possible to the position [he] occupied before the enforcement or execution of the judgment.' (Code Civ. Proc., § 908; see also *Munoz v. MacMillan* (2011) 195 Cal.App.4th 648.)" (Fn. omitted.)

During the next 14 months, the parties engaged in various procedural maneuverings, including Beach Break's unsuccessful attempt to dismiss the case.

In April 2015, Beach Break filed a second amended complaint converting the unlawful detainer action to an unlimited action seeking damages for unpaid rent while Lowell was in possession of the premises. Lowell moved for summary judgment contending that he was entitled to the court-ordered restitution hearing. The trial court (Superior Court Judge Gary Kreep) denied the motion on procedural grounds.

---

3    The appellate division determined there were triable factual issues on several matters including whether Beach Break had notice of Lowell's lease; whether Lowell was a bona fide tenant entitled to notice under applicable statutes; and whether Beach Break was a bona fide purchaser.

3

In September 2015, Beach Break filed a motion to dismiss its second amended complaint, arguing it had an absolute right to voluntarily dismiss its own action even if the dismissal would eliminate Lowell's restitution. The court (Judge Kreep) denied the dismissal motion on procedural grounds. A trial was scheduled for the next month.

At the outset of the trial, Beach Break filed a motion in limine seeking to exclude Lowell's evidence regarding restitution. Beach Break argued that Lowell was not entitled to restitution in this action because he had not filed either a cross-complaint or an affirmative defense seeking restitution. Lowell opposed the motion, arguing that a tenant who has obtained reversal of an unlawful detainer action is entitled to seek restitution without filing a separate claim.

After a hearing, the court (Superior Court Judge Joel Pressman) ruled that Lowell waived any right to restitution because he had not filed an affirmative pleading requesting this form of relief. After the ruling, Beach Break moved to dismiss its entire case with prejudice. The court granted the motion. Lowell filed written objections. After considering Lowell's objections, the court signed a written order of dismissal. Lowell filed a timely notice of appeal in this court.

DISCUSSION

Both sides agree the sole issue on appeal is whether a party who has obtained a reversal of a judgment in an unlawful detainer case must file a cross-complaint seeking restitution to obtain this form of relief. Because this is a question of law, we review the trial court's determination de novo. (*Cho v. Superior Court* (1995) 39 Cal.App.4th 113, 119.)

4

## I. *Legal Principles*

As a general rule, when a judgment is reversed on appeal, the appellant is entitled to restitution for all things lost by reason of the judgment. (*Levy v. Drew* (1935) 4 Cal.2d 456, 459.) This principle is embodied in California statutory law and settled equitable principles. (§ 908; *Munoz v. MacMillan* (2011) 195 Cal.App.4th 648, 657-658 (*Munoz*).)

Section 908 provides that, upon the reversal or modification of a judgment, "the reviewing court may direct that the parties be returned so far as possible to the positions they occupied before the enforcement of or execution on the judgment or order. In doing so, the reviewing court may order restitution on reasonable terms and conditions of all property and rights lost by the erroneous judgment or order, so far as such restitution is consistent with rights of third parties and may direct the entry of a money judgment sufficient to compensate for property or rights not restored. The reviewing court may take evidence and make findings concerning such matters or may, by order, refer such matters to the trial court for determination."

Even if the reviewing court has not ordered restitution, the trial court whose order or judgment has been reversed on appeal has the inherent authority to afford restitutionary relief. (*Munoz, supra*, 195 Cal.App.4th at p. 657; see *Shubert v. Bates* (1947) 30 Cal.2d 785, 789 (*Shubert*); *Gunderson v. Wall* (2011) 196 Cal.App.4th 1060, 1065 (*Gunderson*); *Rogers v. Bill & Vince's, Inc.* (1963) 219 Cal.App.2d 322, 324 (*Rogers*); 9 Witkin, Cal. Procedure (5th ed. 2008), Appeal, § 900, p. 964.) " 'The fundamental rule guiding the court in [such] proceeding[s] [i]s, so far as possible, to place the parties in as favorable a position as they could have been in had the judgments not

5

been enforced pending appeal.' [Citation.]" (*Gunderson,* at p. 1065.) A person whose property has been taken under a judgment is entitled to restitution as a matter of right if the judgment is reversed or set aside, unless restitution would be inequitable. (*Id.* at p. 1064; *Stockton Theatres, Inc. v. Palermo* (1953) 121 Cal.App.2d 616, 619 (*Stockton Theatres*).)

Numerous courts have applied these principles in the unlawful detainer context. (See *Shubert, supra*, 30 Cal.2d at p. 789; *Munoz, supra*, 195 Cal.App.4th at p. 658; *Stockton Theatres, supra*, 121 Cal.App.2d at p. 619; *Erickson v. Boothe* (1954) 127 Cal.App.2d 644, 648.) When a landlord who has secured a writ of possession evicts a tenant before the appellate rights of the tenant have been exhausted, the landlord assumes the risk it will be subject to a full accounting and restitution if the judgment granting the writ of possession is reversed on appeal. (*Erickson v. Boothe, supra*, 127 Cal.App.2d at p. 649.) The *Munoz* court explained that after a reversal in an unlawful detainer action, "restitution can be recovered in the underlying unlawful detainer action when a judgment for the landlord is reversed *or* in a separate [breach of contract] action instituted to recover losses incurred as a result of a reversed judgment."[4] (*Munoz*, at p. 658.)

Whether a party is entitled to restitution following reversal presents a question calling for judicial discretion. (*Gunderson, supra*, 196 Cal.App.4th at p. 1065; *Munoz,*

---

[4]     Practically speaking, the restitution remedy does not differ greatly from the breach of contract remedy. (*Munoz, supra*, 195 Cal.App.4th at p. 659, fn.7.) The *Munoz* court stated that after prevailing on appeal, the tenant's "most straightforward remedy [is] to seek restitution in the underlying unlawful detainer action, not to bring a subsequent action for breach of contract." (*Id*. at p. 650.)

*supra*, 195 Cal.App.4th at pp. 655-656.)  The trial court's ruling will not be disturbed in the absence of a showing of manifest abuse of discretion.  (*Munoz*, at p. 662.)

## II.  *Analysis*

In this case, the trial court declined to exercise its discretion and instead ruled that Lowell was not entitled to restitution as a matter of law because he did not file a cross-complaint seeking this relief.  This ruling was erroneous for two reasons.

First, citing section 908 (which authorizes an appellate court to order restitution after a reversal) and *Munoz* (which expressly recognized the restitution right), the appellate division ordered that Lowell be provided an "appropriate restitution hearing[]" to restore him "so far as possible to the position [he] occupied before the enforcement . . . of the judgment."  Under settled appellate principles, this order was binding on the trial court and the court had the affirmative obligation to follow the mandatory direction.  (See *Rice v. Schmid* (1944) 25 Cal.2d 259, 263 ["Where a reviewing court reverses a judgment with directions . . . the trial court is bound by the directions given."]; *Butler v. Superior Court* (2002) 104 Cal.App.4th 979, 982 [trial court is not authorized to materially depart from appellate directions on remand]; see also *People v. Dutra* (2006) 145 Cal.App.4th 1359, 1365-1367.)

Second, even without an order from the reviewing court, the party prevailing on appeal may seek restitutionary relief through a motion in the remanded matter, rather than by filing a new cross-complaint or filing an independent action.  (*Gunderson, supra*, 196 Cal.App.4th at p. 1065 ["Following reversal, a party may seek restitution from the trial court *by a motion* ' "*in the original action itself* . . . , or . . . in a separate action instituted

7

for that purpose," ' " italics added]; 9 Witkin, Cal. Procedure, *supra*, Appeal, § 900, p. 965 ["successful appellant may make a motion in the trial court, and obtain restitution in this summary proceeding"]; accord *Ward v. Sherman* (1909) 155 Cal. 287, 291; *Rogers, supra*, 219 Cal.App.2d at pp. 324-326; *Stockton Theatres, supra*, 121 Cal.App.2d at p. 620.) The party entitled to seek restitution is not required to file additional pleadings because the power to restore benefits lost exists by virtue of section 908 and the trial court's equitable powers. (*Schubert, supra*, 30 Cal.2d at p. 789 [referring to section 957, the former version of section 908][5]; see *Rogers, supra*, 219 Cal.App.2d at pp. 324-326.)

Further, " 'the fact that [a] judgment was merely set aside and that no final judgment was entered . . . does not prevent restitution.' " (*Stockton Theatres, supra*, 121 Cal.App.2d at p. 623.) If the appellate court vacates the judgment and orders a new trial, a person who has satisfied the judgment may be entitled to restitution depending on the circumstances. (See *Rodgers v. Bill & Vince's, Inc., supra*, 219 Cal.App.2d at pp. 324-326; see also *Shubert, supra*, 30 Cal.2d at p. 788; *Stockton Theatres,* at p. 623; 9 Witkin, Cal. Procedure, *supra*, Appeal, § 903, p. 966.)

Additionally, a party cannot defeat the opposing party's right to a restitution hearing by dismissing the action before the opposing party has had the opportunity to seek restitution. (*Schubert, supra*, 30 Cal.2d at pp. 789-790; 9 Witkin, Cal. Procedure, *supra*, Appeal, § 903, p. 966.) "[W]hile the plaintiff has the right to dismiss the action before trial, where no counterclaim or request for affirmative relief has been filed, that

---

[5] Former section 957, enacted in 1872, was repealed and replaced without material change by section 908 in 1968. (Stats. 1968, c. 385, § 2, p. 814.)

right, after a trial and reversal of the judgment, is subject to the right of the defendant to restoration of benefits lost by virtue of the erroneous judgment.  The court has inherent power to enforce that right, unaffected by the right of the plaintiff to dismiss the action.  The existence of the power to restore benefits after reversal flows from the rule that upon reversal the action is as though it had never been tried, and the court will, where justice requires it, place the parties as nearly as may be in the condition in which they stood previously."  (*Shubert,* at pp. 789-790.)

This principle is consistent with the rule that a party facing an adverse ruling on a dispositive motion in a *trial court* cannot avoid the impact of an impending adverse ruling by dismissing the case.  (See *Cravens v. Bd. of Equalization* (1997) 52 Cal.App.4th 253, 257-258; see also *Hartbrodt v. Burke* (1996) 42 Cal.App.4th 168, 175.)  A party is not permitted to dismiss to avoid a trial court's " ' determinative adjudication' " in an attempt to "unfairly 'wipe the slate clean.' "  (*Cravens,* at pp. 256-257.)  A fortiori, a party cannot escape an adverse *appellate court* ruling by simply dismissing the underlying case.

### III.  *Conclusion*

Lowell was entitled to a restitution hearing.  The court erred in ruling he was precluded from seeking this relief because he had not filed an affirmative pleading for restitution.  In reaching this conclusion, we do not intend to suggest any opinion on the merits of Lowell's restitution claim, including whether he is entitled to any monetary recovery.  The reversal of the dismissal judgment is without prejudice to Beach Break's right to pursue the claims alleged in its second amended complaint.  Both parties retain

9

the right to seek affirmative relief for their claims and/or to seek offsets from the other party's recovery.

## DISPOSITION

The judgment is reversed. The court is ordered to conduct a restitution hearing under section 908. The reversal of the judgment is without prejudice to Beach Break's right to renew the claims it attempted to dismiss. Lowell is awarded costs on appeal.

PRAGER, J.[*]

WE CONCUR:

McCONNELL, P. J.

IRION, J.

---

[*] Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 12/14/16

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| BEACH BREAK EQUITIES, LLC, | D069313 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2010-0031619-     CL-UD-SC) |
| MARTIN LOWELL, | ORDER GRANTING PUBLICATION |
| Defendant and Appellant. | |

THE COURT:

The opinion in this case filed November 22, 2016 was not certified for publication. It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c) the request pursuant to California Rules of Court, rule 8.1120(a) for publication is granted.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to Be Published in the Official Reports" appearing on page one of said opinion be deleted and the opinion herein be published in the Official Reports.

McCONNELL, P. J.

Copies to: All parties