Filed 11/4/25

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| GUADALUPE ALONSO, | 24APLC00422 |
| Plaintiff and Respondent, | (Norwalk Trial Court No. 24NWUD01514) |
| v. | |
| CARMEN HERRERA, | **OPINION** |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Julian C. Recana, Judge.  Reversed.

Inner City Law Center and Kaimipono D. Wenger for Defendant and Appellant.

Law Office of Allen R. King and Allen R. King for Plaintiff and Respondent.

\* \* \*

Plaintiff Guadalupe Alonso prevailed on summary judgment in an unlawful detainer action brought on the ground that defendant Carmen Herrera failed to pay rent, but the case was adjudicated in plaintiff's favor on the basis that the garage was purportedly being used as an unpermitted dwelling unit without a certificate of occupancy. We hold that absent an amendment to the complaint, summary judgment was not available to plaintiff on a ground that contradicted the basis alleged in the complaint, and that plaintiff's non-compliance with city ordinance—an affirmative defense—was not a valid basis to award judgment in favor of plaintiff. Accordingly, we reverse the judgment.

BACKGROUND[1]

On August 5, 2024,[2] plaintiff filed an unlawful detainer complaint against defendant and Antonio Gaspar,[3] concerning a garage being used as a dwelling unit in the City of Maywood. Defendant filed an amended answer on August 21 and demanded a jury trial. On October 21, the court scheduled a hearing for October 31 to hear plaintiff's discovery motions and her anticipated motion for summary judgment.

On October 23, plaintiff filed a notice and motion for summary judgment with a memorandum of points and authorities, a declaration of plaintiff and his daughter,[4] a three-day notice to pay rent or quit purportedly served on July 9, an August 14 notice of inspection and order to correct violations purportedly issued by the City of Maywood, and proof of service of the motion. The notice of inspection listed nine violations related to the property, including an unpermitted occupancy of the garage as a dwelling without a certificate of occupancy. Relying

---

[1] The clerk's transcript consists of only the case register, plaintiff's trial brief, the motion for summary judgment, judgment and notice of entry of judgment, ex parte application for an order staying execution of judgment, appellate documentation, and several minute orders.

[2] All further date references are to the year 2024.

[3] Gaspar's default was entered on October 2. Defendant is the only appellant.

[4] The declaration of plaintiff's daughter concerned service of the three-day notice. The declaration of plaintiff averred that she rented the garage to defendant in 2022 and that the rental was in violation of Maywood ordinances requiring a city permit and certificate of occupancy.

on *Gruzen v. Henry* (1978) 84 Cal.App.3d 515 (*Gruzen*), plaintiff argued that because the garage was unpermitted and did not have a certificate of occupancy, the lease was void and plaintiff was therefore entitled to a possession-only judgment. Defendant did not file a written opposition to the motion.

Both parties appeared for the hearing on October 31. Defendant requested a two-week continuance, representing that no written opposition was filed because he was not served the motion and he was first alerted to the motion earlier that day. The court replied that defendant was aware of the anticipated motion which was previously calendared for a hearing and that plaintiff was entitled to a shortened notice period.[5]

The court's tentative ruling was to grant the motion for summary judgment, noting "this is a factual issue. It's not a question of law. You know the facts of this case; they're not very complex. . . . [¶] . . . after reading [the motion] you could come up with a triable issue of fact so that I would deny it and we can go to the jury trial, . . ." Defendant requested a day or two to file a written opposition to the motion. The court denied the request for a continuance and afforded defense counsel two and one-half hours to prepare an oral opposition to the motion. (See Cal. Rules of Court, rule 3.1351(b).)

That afternoon, the court heard argument on the summary judgment motion. Plaintiff argued, "[t]his case falls exactly under *Gruzen* . . . that any contract for any illegal use is void *ab initio*. And the evidence in our declarations prove that the garage is not . . . legally used as a residence. . . . [¶] Therefore, exactly under *Gruzen* . . . , we have the elements of an agreement, which is void, default in payment of rent, service of the notice, and continued possession."

Defendant did not dispute that the unit was unlawful, but instead argued that summary judgment was unsuitable because plaintiff's theory of her right to possession—an unlawful rental unit—conflicted with the theory alleged in the complaint for failure to pay rent due under the lease, and plaintiff "can't just [a]mend the complaint now to state that this is an illegal unit and that the contract is void because there's a lack of a certificate of occupancy." Defendant

---

[5] A motion for summary judgment in an unlawful detainer proceeding may be made upon giving five days' notice. (Code Civ. Proc., § 1170.7.) All further statutory references are to the Code of Civil Procedure unless otherwise designated.

also contended there were triable issues of material fact as to whether the elements of an unlawful detainer for failure to pay rent were met given that plaintiff conceded the lease was void, there was no default in rent, and the Maywood ordinance prohibiting no-fault evictions applied to unpermitted units.

Defendant further posited *Gruzen* was inapplicable to this case, and *North 7th Street Associates v. Constante* (2016) 7 Cal.App.5th Supp. 1 (*North 7th Street*) was the controlling precedent: "Both in [*North 7th Street*] and in this case, the property at issue does not possess a certificate of occupancy. And furthermore, the court in [*North 7th Street*] stated that *Gruzen* was never asked to decide whether the three-day notice was fatally defective [*sic*], which is one of the defenses that my client is arguing, that the notice is defective as it is overstated."

Plaintiff replied that defendant "cannot use any of these defenses in order to stay there. Once you've got an illegal unit, you're not supposed to be there. That's why we're not demanding any rent because the contract is void."

Relying on *Gruzen* and distinguishing this case from *North 7th Street*, the court found the lease was void and granted summary judgment in favor of plaintiff and against defendant for possession of the premises. Defendant timely appealed the judgment.[6]

DISCUSSION

*Summary Judgment*

Defendant contends the trial court erroneously granted summary judgment on a ground that was not raised in the complaint and contradicted the basis for the complaint. Defendant further argues that plaintiff was not entitled to a possession judgment due to the status of the garage as an "illegal unit"—an affirmative defense under the Maywood Municipal Code and case law. We agree with both claims of error.

---

[6] Notice of entry of judgment was served upon the parties on October 31. On November 15, defendant filed a timely motion seeking reconsideration, a new trial, or an order setting aside the judgment. The court denied all three motions on December 2, and a copy of the order was served upon the parties by mail later that day. The time to appeal was extended by defendant's timely motion for new trial. (Cal. Rules of Court, rule 8.823(b)(1)(A).) Defendant's notice of appeal from the judgment was timely filed on December 13.

The purpose of a motion for summary judgment is to allow the court to penetrate through the parties' pleadings to ascertain whether there are triable issues warranting a trial. (*Hooks v. Southern Cal. Permanente Medical Group* (1980) 107 Cal.App.3d 435, 441.) Because summary judgment is considered a "drastic remedy[,] . . . it is important that all of the procedural requirements for the granting of such a motion be satisfied before the trial court grants the remedy." (*Sierra Craft, Inc. v. Magnum Enterprises, Inc*. (1998) 64 Cal.App.4th 1252, 1256.) Summary judgment procedures are streamlined in unlawful detainers but the motion may only be granted on the same basis as a motion under section 437c. (§ 1170.7; *Borden v. Stiles* (2023) 92 Cal.App.5th 337, 344-345.)

A party is entitled to summary judgment only if there is no triable issue as to any material fact and the moving party is entitled to judgment as a matter of law. (§ 437c, subd. (c).) A plaintiff seeking summary judgment must prove each element of the cause of action and that there is no viable defense thereto. (§ 437c, subd. (p)(1).) The court ruling on a motion for summary judgment "may only examine the pleadings in order to define the issues of which summary judgment disposes." (*Hooks v. Southern Cal. Permanente Medical Group*, *supra*, 107 Cal.App.3d at p. 442.) We independently review an order granting summary judgment. (*Daneshmand v. City of San Juan Capistrano* (2021) 60 Cal.App.5th 923, 930.)

<u>Landlord Cannot Prevail on a Theory Contradicting the Basis of the Complaint</u>

In a civil action, "the complaint 'serves to frame and limit the issues' and 'to apprise the defendant of the basis upon which the plaintiff is seeking recovery.'" (*Naranjo v. Doctors Medical Center of Modesto, Inc*. (2025) 111 Cal.App.5th 408, 434.) "The answer supplements that measure where the plaintiff is the moving party and the defendant relies upon an affirmative defense." (*FPI Development, Inc. v. Nakashima* (1991) 231 Cal.App.3d 367, 381.) A plaintiff who wants to introduce theories not encompassed in the operative complaint must seek leave to amend the complaint at or prior to the hearing on a summary judgment motion, and absent a request for amendment the court has no occasion to adjudicate issues not raised in the pleadings. (*Laabs v. City of Victorville* (2008) 163 Cal.App.4th 1242, 1257 & fn. 6.)

To satisfy the elements of the cause of action, plaintiff had to prove that defendant defaulted in her obligation to pay rent, the default continued after defendant was properly

served with a written three-day notice to pay rent or quit, and defendant remained in possession without plaintiff's consent. (§ 1161, subd. (2); *Kruger v. Reyes* (2014) 232 Cal.App.4th Supp. 10, 16.) "When the tenant continues in possession, 'service of a "valid three-day notice to pay rent or quit is a prerequisite to an unlawful detainer action."' [Citations.] 'The notice's purpose is to inform the tenant of the breach so the tenant can rationally choose whether to cure the breach and retain possession, quit the property, or contest the allegations.'" (*Eshagian v. Cepeda* (2025) 112 Cal.App.5th 433, 457 (*Eshagian*); accord, *Lee v. Kotyluk* (2021) 59 Cal.App.5th 719, 731.)

In the case *sub judice*, it is undisputed the basis for plaintiff's complaint was that defendant failed to tender unpaid rent or quit possession of the premises following service of the three-day notice to pay rent or quit on July 9.[7] Without requesting leave to amend the complaint, plaintiff's motion was premised upon a different theory—that "no rent [wa]s owed" because the lease was void due to the absence of a certificate of occupancy. Because this theory was not encompassed in plaintiff's complaint, which was limited to nonpayment of rent,

---

[7] The complaint and answer are not included in the record on appeal. It was defendant's burden as the appealing party to ensure the record on appeal contains all trial court pleadings that were necessary to adjudicate the claims of error. (Cal. Rules of Court, rules 8.830(b), 8.831(b)(2)(B), 8.832(a)(3)(A); *Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1200-1201.) Plaintiff does not raise the deficiency in the record in her respondent's brief. However, the record unambiguously confirms that plaintiff's complaint only alleged the right to possession due to defendant's alleged failure to pay rent. The three-day notice, which is included in the record, demanded past-due rent of $9,100 for the months between January and July 2024. Plaintiff's trial brief maintained she was entitled to judgment "of unlawful detainer for non-payment of rent," and the motion for summary judgment asserted "[t]his unlawful detainer case was filed . . . based on non-payment of rent and service of a 3 day notice to pay rent or quit." Moreover, plaintiff never challenged the defense's argument, during the hearing on the summary judgment motion, that the sole basis for the complaint was non-payment of rent. Plaintiff's respondent's brief also does not contest defendant's representation in her opening brief that the complaint was limited to non-payment of rent, and expressly states that plaintiff "withdrew its demand for rent stated in the 3 day notice, . . ." The totality of the circumstances constitutes a concession by plaintiff that the complaint only claimed the right to possession due to defendant's alleged failure to pay rent. Thus, we find the limited record is adequate to resolve the dispositive issues. (*Hernandez v. City of Pomona* (2009) 46 Cal.4th 501, 506, fn. 1 [appellate court may treat party's factual representations as concessions of facts and base its analysis on these conceded facts].)

defendant did not have an opportunity to answer plaintiff's new claim of entitlement to possession due to the illegal status of the unit. (*Fireman's Fund Ins. Co. v. Sparks Construction, Inc*. (2004) 114 Cal.App.4th 1135, 1149 [complaint must give defendant sufficient knowledge of the "factual and legal issues well enough to file an answer"]; *Appel v. Beyer* (1974) 39 Cal.App.3d Supp. 7, 19 [due process required written notice setting forth the facts claimed to support the eviction and "pleading and proof of *those facts* in the subsequent unlawful detainer action"], italics added.) Nor was defendant afforded the opportunity to meaningfully decide whether to cure the alleged breach, to quit possession of the premises, or to contest the allegations and be heard on the dispositive theory of eviction. (*Eshagian*, *supra*, 112 Cal.App.5th at p. 457.) The expedited nature of unlawful detainers may not give way to the denial of defendant's rights. (*Martin-Bragg v. Moore* (2013) 219 Cal.App.4th 367, 385.)[8]

Landlord Not Entitled to Judgment on the Basis of an Affirmative Defense

Even ignoring the aforementioned procedural deficiency, plaintiff was not entitled to summary judgment based on her own violation of a tenant protection ordinance which serves as an affirmative defense. A tenant is guilty of unlawful detainer only if the landlord proves the tenant falls within any of the circumstances enumerated in section 1161. (*Bawa v. Terhune* (2019) 33 Cal.App.5th Supp. 1, 5.) Plaintiff's motion did not allege the right to possession on any grounds in section 1161; instead, plaintiff argued, and the trial court agreed, she was entitled to possession due to the illegality of the dwelling.[9] This was plainly wrong.

---

[8] At oral argument, plaintiff claimed the court effectively ordered the complaint amended to conform to the proof pursuant to its authority under section 1173. We have no obligation to consider an unbriefed point raised for the first time at oral argument. (*Santa Clara County Local Transportation Authority v. Guardino* (1995) 11 Cal.4th 220, 232, fn. 6.) Nevertheless, section 1173 applies only "upon the *trial* of any [unlawful detainer] proceeding . . . ." (Italics added.) Section 1173 was inapplicable to this case which was adjudicated by summary judgment, not a trial. (See *North 7th Street*, *supra*, 92 Cal.App.4th at pp. Supp. 11-12.)

[9] Also at oral argument, plaintiff contended the action was authorized under section 1161, subdivision (4) as a waste or nuisance of the property. Apart from plaintiff's failure to plead this ground in the complaint, the facts adduced in the summary judgment papers revealed that *plaintiff's* act of renting the garage unit without a permit and certificate of occupancy was unlawful. There was no allegation that *defendant* maintained, committed or permitted the maintenance or commission of waste or a nuisance to trigger this provision of section 1161.

The Maywood Municipal Code prohibits a lessor from demanding or accepting rent for a "covered rental unit" without first obtaining a registration statement and properly serving or displaying the proof of registration.  (Maywood Mun. Code, § 8-21.12, subd. (a).)  A "'Covered rental unit' means any rental unit that is not designated as exempt pursuant to Section 8-21.04."[10]  (Maywood Mun. Code, § 8-21.02, subd. (c).)  A lessor's failure to comply with the registration obligations subjected her to potential civil liability and administrative citations.  (Maywood Mun. Code, §§ 8-17.16-8.17.18.)  Additionally, "[a] Tenant may assert as an affirmative defense a landlord's failure to comply with the provisions of this chapter in any action by a landlord to recover possession of a rental unit."  (Maywood Mun. Code, § 8.17.18, subd. (B).)

It is undisputed that defendant's lease was for an illegal unit.  As a result, the three-day notice claiming past-due rent "was necessarily an overstatement of defendant's rental obligation", and "[s]ince the three-day notice which was the basis for this unlawful detainer action failed to comply with the strict statutory requirements, it was invalid and could not support the action."  (*North 7th Street*, *supra*, 7 Cal.App.5th at p. Supp. 5.)  The invalid three-day notice was fatal to plaintiff's cause of action.  (*Eshagian*, *supra*, 112 Cal.App.5th at pp. 457-459; Maywood Mun. Code, § 8.17.18, subd. (B).)

Furthermore, as an affirmative defense, the unlawful status of the garage rental could be relied upon only by defendant to defeat plaintiff's claim of right to possession.  (*Lincoln Place Tenants Assn. v. City of Los Angeles* (2007) 155 Cal.App.4th 425, 452 ["Affirmative defenses may be asserted only to the extent they might defeat the landlord's right to possession"].)  A *lessor's* violation of a tenant protection ordinance does not provide a basis for the lessor to prevail in an unlawful detainer action.  (See, e.g., *North 7th Street*, *supra*, 7 Cal.App.5th at p. Supp. 5 ["*plaintiff* was barred from collecting any rent or using the unlawful detainer procedures to enforce the collection of rent"], italics added; *Gruzen*, *supra*, 84 Cal.App.3d at pp. 517-518 [violation of ordinance requiring a certificate of occupancy is "a *defense* to an action in unlawful detainer"], italics added; *Yanez v. Vasquez* (2021) 65 Cal.App.5th Supp. 1,

---

[10] None of the exemptions appear to be applicable.  (Maywood Mun. Code, § 8-21.04.)

12 [failure to obtain and serve or display registration statement "was a complete *defense*"], italics added; see *Tri-Q, Inc. v. Sta-Hi Corp.* (1965) 63 Cal.2d 199, 218 [the "guilty party" is precluded from reaping the benefits of her own illegal contract]; see also *Espinoza v. Calva* (2008) 169 Cal.App.4th 1393, 1400 [reversing a money judgment when the lease was illegal due to the landlord's failure to obtain a certificate of occupancy].)

Settled maxims of jurisprudence prevented plaintiff from using her violation of the Maywood Municipal Code as a sword to prevail in this unlawful detainer action. (Civ. Code, § 3517 ["No one can take advantage of their own wrong"]; see *Tri-Q, Inc. v. Sta-Hi Corp.*, *supra*, 63 Cal.2d at p. 221 [reversing when "[t]he unintended result of such judgment was to grant relief to the wrongdoer"]; see also *Reynolds v. Roll* (1954) 122 Cal.App.2d 826, 835-836 ["'courts will not lend assistance to persons whose claim for relief rests on an illegal transaction'"].) In sum, we conclude that plaintiff, as the lessor, was not entitled to rely on an affirmative defense as a basis for summary judgment.[11]

*Mootness*

Without moving to dismiss the appeal, plaintiff's brief argues the appeal is moot because "[defendant] does not claim to be, and is not, in possession of the premises," and "reversal would not restore the defendant to possession, nor should it because the use of the garage as a residence would be illegal." According to plaintiff, because she withdrew her prayer for damages, defendant vacated the unit, and the garage dwelling is "illegal," there is no relief available upon reversal of the judgment. This argument is specious.

---

[11] Plaintiff's reliance on *Gruzen* is unavailing. In *Gruzen*, the Court of Appeal held that the plaintiff's failure to comply with an ordinance requiring landlords to secure a certificate of occupancy, but which only imposed criminal liability for a violation, created an affirmative defense to the unlawful detainer action for failure to pay rent. (*Gruzen*, *supra*, 84 Cal.App.3d at pp. 517-518.) The court specified, however, that plaintiff remained entitled to the judgment for possession because the tenant "elected to rescind the alleged lease." (*Id*. at p. 519.) Unlike *Gruzen*, this case was erroneously resolved at the summary judgment stage without affording defendant a trial on the contested issues, defendant did not purport to rescind the lease, and Maywood Municipal Code section 8.17.18, subdivision (B) specifies that a violation of the ordinance is an affirmative defense in any unlawful detainer action brought by the lessor.

As a reviewing court, we decide only actual controversies by a judgment which can be effectuated, and we have a duty not to render opinions upon moot questions or abstract propositions which cannot affect the cause before the court.  (*Saltonstall v. City of Sacramento* (2014) 231 Cal.App.4th 837, 848-849.)  An appeal is moot and will be dismissed when the reviewing court cannot grant any effective relief to the appellant.  (*Shapell Socal Rental Properties, LLC v. Chico's FAS, Inc*. (2022) 85 Cal.App.5th 198, 209 (*Shapell*).)  The burden is on the party seeking dismissal to establish that the appeal is moot.  (*Becerra v. McClatchy Co*. (2021) 69 Cal.App.5th 913, 927, fn. 4.)

When a judgment is reversed on appeal, the appealing party is generally entitled to restitution for all rights and property lost by reason of the erroneous judgment.  (§ 908.)  "Even if the reviewing court has not ordered restitution, the trial court whose order or judgment has been reversed on appeal has the inherent authority to afford restitutionary relief.  [Citations.]  '"The fundamental rule guiding the court in [such] proceeding[s] [i]s, so far as possible, to place the parties in as favorable a position as they could have been in had the judgments not been enforced pending appeal."'"  (*Beach Break Equities, LLC v. Lowell* (2016) 6 Cal.App.5th 847, 852.)  Determining whether the prevailing party is entitled to restitution following reversal involves judicial discretion.  (*Id*. at p. 853; *Gunderson v. Wall* (2011) 196 Cal.App.4th 1060, 1065.)

These principles apply to unlawful detainer actions.  (*Shapell*, *supra*, 85 Cal.App.5th at p. 210; *Beach Break, supra*, 6 Cal.App.5th at p. 853.)  "When a landlord who has secured a writ of possession evicts a tenant before the appellate rights of the tenant have been exhausted, the landlord assumes the risk it will be subject to a full accounting and restitution if the judgment granting the writ of possession is reversed on appeal."  (*Beach Break, supra*, at p. 853.)  As a practical matter, however, in most unlawful detainer cases that are reversed on appeal, courts are not apt to reinstate the tenant's right to possession of the premises when a significant amount of time has gone by during the pendency of the appeal, particularly if the lessor has already leased or sold the property.  (*Munoz v. MacMillan* (2011) 195 Cal.App.4th 648, 658.)

Here, the case register indicates that on December 31, 2024, over defendant's objection and after defendant filed the notice of appeal, the writ of execution was returned as wholly

10

satisfied.  Dismissal is unwarranted, however, for several reasons.  First, defendant "was compelled by the unlawful detainer judgment to give up possession and therefore did not [automatically] waive the ability to regain possession if the judgment were reversed."  (*Shapell, supra*, 85 Cal.App.5th at p. 211; accord, *Old National Financial Services, Inc. v. Seibert* (1987) 194 Cal.App.3d 460, 468.)  Second, whether defendant would be entitled to possession following reversal is a matter that calls for judicial discretion which the trial court is better suited for.  (See *Gunderson v. Wall*, *supra*, 196 Cal.App.4th at p. 1065.)  Third, as we have discussed *ante*, the trial court manifestly erred by granting summary judgment in this case; consequently, the issue of whether the garage was an unlawful dwelling unit pursuant to the Maywood Municipal Code was not properly adjudicated.  (See, e.g., *Munoz v. MacMillan*, *supra*, 195 Cal.App.4th at p. 660, fn. 8 [imprudent to speculate as to the right to restitution in an appeal of a grant of summary judgment].)  Lastly, reversal of the judgment may provide effective relief to defendant by removing the adverse consequences of an unlawful detainer judgment against her, which would help restore her to the position she occupied before the erroneous judgment.  (See *Shapell, supra*, at pp. 209-212.)

## DISPOSITION

The judgment is reversed.  Defendant Carmen Herrera shall recover her costs on appeal.

**CERTIFIED FOR PUBLICATION**

_____
P. McKay, P. J.

We concur:


_____                    _____
Ricciardulli, J.                                                        Hobbs, J.

11